IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WALTERS and JENNA WALTERS, h/w, *Plaintiffs,* v. LANDPRO EQUIPMENT, LLC, DEERE & COMPANY d/b/a and t/a "John Deere" and "Deere", JOHN DOES and/or JANE DOES 1-10, and ABC COMPANIES 1-10 *Defendants.* | CIVIL ACTION NO. 23-01745 |

**PAPPERT, J.**                                                                                                        August 1, 2023

**MEMORANDUM**

Matthew and Jenna Walters sued LandPro Equipment, LLC, Deere & Company and unknown persons and entities after Matthew was injured while loading a Deere tractor onto a trailer. (Compl. ¶ 12, ECF 1.) Pointing out that the Plaintiffs live and purchased the tractor in the Middle District of Pennsylvania and that the accident giving rise to this lawsuit happened in the Middle District, Defendants move to transfer the case to that District pursuant to 28 U.S.C. § 1404(a). The Court grants the Motion.

I

Under 28 U.S.C. § 1404(a), the Court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). The purpose of transferring venue under § 1404(a) "'is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Madrazo v. Welcome Hotel Grp., LLC*, No. 18-0427, 2018 WL 1942369, at *1

1

(E.D. Pa. Apr. 25, 2018) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Although transfer motions should not be liberally granted, *Lomanno v. Black*, 285 F. Supp. 2d 637, 643 (E.D. Pa. 2003) (quoting *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998)), the Court has "broad discretion" to determine whether transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–31 (1988)). The movant bears the burden of establishing the need for transfer. *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 505 (E.D. Pa. 2015) (citing *Jumara*, 55 F.3d at 879).

Courts first determine whether venue is proper in the proposed district. *See Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001) (citing *Jumara*, 55 F.3d at 879). If proper, courts then decide whether transfer is in the interest of justice. *Id.* Courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citation and internal quotation marks omitted). This includes consideration of both the relevant private and public interests. *Id.* The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum. *See id.* The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that would make trial

easy, expeditious, or inexpensive; (3) the congestion of the court's docket; (4) the local forum's interest in deciding the case; (5) the public policy of the fora; and (6) the trial judge's familiarity with any applicable state law. *Id.* at 879–80.

## II

### A

Venue would be proper in the Middle District of Pennsylvania. Under 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2); *see also Jumara*, 55 F.3d at 878–79. Every act giving rise to Plaintiffs' claims occurred in the Middle District. (Defs.' Br. Supp. Mot. to Transfer 1–2, ECF 10; Pls.' Resp. in Opp. ¶ 2, ECF 13).

### B

The private factors weigh in favor of transfer. No party to this lawsuit resides in this district; Plaintiffs themselves live in Thompsontown, Pennsylvania, located in Juniata County, which is in the Middle District. *See* (Compl. ¶¶ 1–2, ECF 1). Defendants removed the case here as 28 U.S.C. § 1441(a) required because Plaintiffs originally filed this suit in the Philadelphia County Court of Common Pleas. (Defs.' Mot. to Transfer Venue ¶ 8, ECF 9). Although Plaintiffs' original choice of forum was the Philadelphia County Court of Common Pleas, they contend this District is now their preferred venue and that the Court must give substantial weight to their preference. (Pls.' Mem. Opp. Defs.' Mot. to Transfer 4, ECF 13-1.) Although a plaintiff's choice of forum is typically accorded great deference, *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989), that choice "'is given less weight if the plaintiff chooses a

venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred.'" *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 16-3594, 2016 WL 5167536, at *2 (E.D. Pa. Sept. 21, 2016) (quoting *Cable v. Allied Interstate, Inc.*, No. 12-0096, 2012 WL 1671350, at *3 (E.D. Pa. 2012)). Less weight is given a plaintiff's choice of forum if he fails to make a "strong showing of convenience" in his original choice. *Anderson v. TransUnion, LLC*, No. 17-1813, 2018 WL 334495, at *4 (E.D. Pa. Jan. 9, 2018) (citing *Gore v. Stryker Corp.*, No. 09-2987, 2010 WL 3069653, at *3 (E.D. Pa. Aug. 4, 2010)); *see also Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 437 (D. Del. 2015) ("[T]he court should not consider simply the fact of that choice, but the reasons behind the choice.")

Plaintiffs offer no rationale for choosing their original forum, nor do they make a strong showing of convenience. They do not reside in Philadelphia County or anywhere else in the Eastern District, and the accident did not occur in this District. (Pls.' Resp. ¶¶ 1–2, ECF 13.) Plaintiffs' choice of forum is therefore given minimal weight and is outweighed by the other relevant private factors. Defendants prefer the Middle District (Defs.' Mot. Transfer Venue ¶¶ 21–22, ECF 9), the Middle District is where the actions giving rise to the claim occurred (*id.* ¶ 18; Pls.' Resp. in Opp. ¶ 2, ECF 13), and thus the Middle District is more convenient for the parties, the witnesses and the gathering of evidence. *See Hamilton v. Nochimson*, No. 09–2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) ("When the vast majority of the acts giving rise to plaintiff's claim take place in another forum, that weighs heavily in favor of transfer.") (citation omitted); *see also In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006 WL 3857488, at *5 (E.D. Pa.

Dec. 28, 2006) ("Typically the most appropriate venue is where a majority of events giving rise to the claim arose.").

C

The applicable public interest factors also weigh in favor of transfer. Both Plaintiffs and other material witnesses reside in the Middle District. It is thus more practical for all involved to litigate the case there. While the congestion of the courts' dockets weighs slightly against transfer,[1] the Middle District has a substantially greater interest in this case. *See Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 576 (D.N.J. 2000) (holding that the forum with the "stronger public interest" in the dispute was the forum where "a substantial amount, if not all, of the alleged culpable conduct occurred"); *cf. Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 201 (E.D. Pa. 2008) ("Typically, when a substantial amount of the alleged culpable conduct occurred in the chosen forum, that court favors retaining jurisdiction as a matter of local interest.")

This case has no relation to the Eastern District. The applicable factors weigh in favor of transfer to the Middle District of Pennsylvania where "litigation would more conveniently proceed and the interests of justice would be better served." *Jumara*, 55 F.3d at 879.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

---

[1] The Eastern District had more total filings last year with 5,277 cases, while the Middle District had 1,517 cases. The median time in months from filing to disposition for a civil case was 6.7 months here and eleven months in the Middle District. *See Federal Judicial Caseload Statistics 2022 Tables: Civil Cases Filed, Terminated, and Pending, by Jurisdiction, Table C-1*, available at https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables (last visited July 31, 2023).